| | |
|---|---|
| **DISTRICT COURT, COUNTY OF BOULDER, COLORADO**<br>Boulder County District Court<br>Boulder County Justice Center<br>1777 6th Street<br>Boulder, Colorado 80302 | DATE FILED: November 18, 2020 1:22 PM<br>FILING ID: D9FB6FD9C606B<br>CASE NUMBER: 2020CV30944<br><br>▲COURT USE ONLY▲ |
| MATTHEW IWASKOW,<br>        Plaintiff,<br><br>v.<br><br>SAFECO INSURANCE COMPANY OF AMERICA,<br>        Defendant. | **Case Number:** |
| *Attorneys for Plaintiff:*<br>Randall M. Weiner, #23871<br>Annmarie Cording, #42524<br>**Law Offices of Randall M. Weiner, P.C.**<br>3100 Arapahoe Avenue, Suite 202<br>Boulder, Colorado  80303<br>Phone Number: 303-440-3321<br>Fax Number: 720-292-1687<br>randall@randallweiner.com<br>annmarie@randallweiner.com | |
| **COMPLAINT AND JURY DEMAND** | |

    COMES NOW, Plaintiff Matthew Iwaskow ("Iwaskow" or "Plaintiff"), by and through counsel, Law Offices of Randall M. Weiner, P.C., and hereby files this Complaint and Jury Demand and in support thereof states as follows:

### GENERAL ALLEGATIONS

    1.    Iwaskow is a resident of Broomfield County, Colorado.

    2.    Defendant Safeco Insurance Company of America ("Safeco" or "Defendant") is an insurance company authorized and licensed to do business in the State of Colorado and it transacts business in the County of Boulder, Colorado.

    3.    Defendant Safeco is a New Hampshire corporation, having its principal place of business in New Hampshire.

1



4. Venue is proper in this Court pursuant to C.R.C.P. 98(c)(2) because the contract of insurance here at issue was to be performed in the County of Boulder, Colorado.

5. On December 4, 2015, Iwaskow was driving his vehicle westbound on Baseline Road in the city of Boulder, Colorado. As Iwaskow proceeded through the intersection of Baseline Road and 29th Street, Ms. Xiaolu Yin, who had been driving eastbound on Baseline Road, attempted to turn left on 29th Street and either failed to yield or yielded and departed too early into the intersection. Ms. Yin collided with Iwaskow, striking the front driver side of Iwaskow's vehicle.

6. The conduct of Ms. Yin failing to yield, failing to keep a proper lookout, failing to see what was there to be seen, and colliding with the driver side of the vehicle driven by Iwaskow constituted negligence.

7. The injuries, damages, and losses incurred by Iwaskow as a direct and proximate result of the negligence of Xiaolu Yin, without limitation, the following:

> (a) Concussion, traumatic brain injury and post-concussive symptoms with brain function deficits and limitations including, without limitation, impairments to verbal memory retrieval and word-finding abilities;
>
> (b) Acute strain of neck muscle, strain of muscle, fascia, and tendon at neck level;
>
> (c) Hip pain, with right hip labral fraying and pelvic subluxation;
>
> (d) Back pain, including chronic pain, lumbar strain, intervertebral lumbar disc degeneration, segmental and somatic dysfunction of lumbar, and broad-based disc protrusion;
>
> (e) Physical and mental pain and suffering, past and future;
>
> (f) Loss of enjoyment of life and impairment of quality of life, past and future;
>
> (g) Emotional distress, past and future;
>
> (h) Loss of earning capacity; and
>
> (i) Medical, hospital, therapy, and related expenses, past and future.

8. Defendant Safeco issued an automobile insurance policy which provided underinsured motorists ("UIM") coverage for the injuries, damages, and losses incurred by Iwaskow as a result of the above-referenced collision.

**FIRST CLAIM FOR RELIEF**
**(Declaratory Judgment on Contract of Insurance for UIM Benefits)**

9. Iwaskow incorporates herein by reference all previous allegations of the Complaint.

10. Xiaolu Yin, the at-fault driver of the vehicle which caused the collision of December 4, 2015, had insurance providing liability coverage of $25,000.00 per person.

11. Iwaskow's claims against the at-fault driver were settled for the limits of that liability coverage of $25,000.00, by check dated November 19, 2018.

12. Iwaskow's claims against the at-fault driver were settled with the consent of Safeco.

13. The subject policy of insurance issued by Safeco provides UIM coverage for Iwaskow with limits of $500,000.00 per person.

14. Iwaskow's damages and injuries equal or exceed $525,000.00.

15. Iwaskow is entitled, pursuant to the contract terms of the subject insurance policy issued by Defendant Safeco, to $500,000.00 in UIM coverage from Safeco for his injuries, damages, and losses incurred as a consequence of the subject collision and he is entitled to declaratory relief to that effect pursuant to C.R.C.P. 57.

Wherefore, Iwaskow requests relief as detailed in the Prayer for Relief, below.

**SECOND CLAIM FOR RELIEF**
**(Breach of Contract)**

16. Iwaskow incorporates herein by reference all previous allegations of the Complaint.

17. Defendant has breached its duty of good faith and fair dealing owed to Plaintiff, including but not limited to:

    (a) Failing to give equal consideration to the interest of Plaintiff, its insured;

    (b) When investigating Plaintiff's claims, failing to diligently search for evidence that supported their insured's (Plaintiff's) claims;

    (c) Seeking to discover only evidence that defeated their insured's (Plaintiff's) claims;

3

(d) Unreasonably delaying and/or withholding benefits under the insurance policy without a reasonable basis for delaying and/or withholding benefits, with knowledge or reckless disregard of a lack or reasonable basis for delaying and/or withholding benefits;

(e) Failing to adopt and implement reasonable standards for the prompt investigation of claims arising under the insurance policy;

(f) Refusing to pay claims without conducting a reasonable investigation based upon all available information;

(g) Not attempting in good faith to effectuate prompt, fair and equitable settlements of claims after its liability has become reasonably clear;

(h) Compelling Plaintiff to institute litigation to recover amounts due under the insurance policy by offering substantially less than the amounts Plaintiff is entitled to recover;

(i) Forcing Plaintiff into the costly and lengthy process of litigation; and

(j) Any further acts which may be discovered.

18. Safeco's aforesaid conduct was unreasonable and Safeco either knew such conduct was unreasonable or recklessly disregarded the fact that the conduct was unreasonable.

19. As a direct and approximate result of Defendant's breach of its duty of good faith and fair dealing, Plaintiff has sustained damages in the amount to be proved at trial.

20. That failure and refusal to pay UIM coverage benefits constitutes breach of contract.

Wherefore, Iwaskow requests relief as detailed in the Prayer for Relief, below.

### THIRD CLAIM FOR RELIEF
**(Specific Performance of Contract for Insurance)**

21. Iwaskow incorporates herein by reference all previous allegations of the Complaint.

22. Pursuant to the contractual terms of the subject policy of insurance, as an alternative to an award of $500,000.00 in damages for breach of contract, Iwaskow is entitled to specific performance of Safeco's obligation to pay $500,000.00 in UIM coverage benefits.

Wherefore, Iwaskow requests relief as detailed in the Prayer for Relief, below.

## FOURTH CLAIM FOR RELIEF
**(C.R.S. §§ 10-3-1115 & 1116: Unlawful Delay and Refusal to
Pay UIM Coverage Benefits)**

23. Iwaskow incorporates herein by reference all previous allegations of the Complaint.

24. C.R.S. §10-3-1115 provides that a person or entity engaged in the business of insurance shall not unreasonably delay or deny payment for a claim for benefits owed to any first party claimant.

25. Iwaskow constitutes a "first party claimant" with respect to UIM benefits due him as a consequence of his injuries incurred in the collision of December 4, 2015.

26. By letter and accompanying claim summary dated October 28, 2020, undersigned counsel for Iwaskow requested that Safeco pay the $500,000.00 limits of UIM coverage provided by the subject policy issued by Safeco, and providing documentation therefor. Subsequently, the undersigned sent additional materials to Safeco upon its request.

27. Safeco's adjuster in charge of the claim subsequently acknowledges that it possessed all materials requested of Iwaskow.

28. By virtue of an email dated November 4, 2020 Safeco embarked upon a pattern and course of conduct constituting unreasonable delay of payment of the subject UIM benefits due Iwaskow under the subject policy issued by Safeco. In that email, Safeco offered to settle Iwaskow's claims for UIM benefits for the sum of $10,000.00.

29. Despite the undersigned's attempts to negotiate, as of the date of this Complaint, Safeco has continued to unreasonably delay or deny payment and has offered to settle Iwaskow's claims for UIM benefits for the sum of $50,000.00. Safeco's adjuster refuses to exceed this amount despite possessing all the materials requested of Iwaskow to document his damages.

30. Safeco's adjuster refused and continues to refuse to make an offer relative to value for Iwaskow's damages.

31. Safeco's adjuster refuses to provide Iwaskow with UIM coverage payments on the grounds that the adjuster lacks the medical credentials to make an offer relative to value.

32. Safeco's adjuster refuses to make an offer that values Iwaskow's concussion, traumatic brain injury ("TBI") and post-concussive symptoms with brain function deficits and limitations due to the adjuster's belief that Colorado claimants too often allege a concussion or TBI.

5

33.     Safeco's adjuster refuses to make an offer that values Iwaskow's numerous other injuries, including soft tissue injuries, due to the adjuster's belief that all such injuries should have resolved within 12 weeks after Iwaskow's accident.

34.     Safeco's offer of $50,000.00 and its failure and refusal to pay the UIM coverage claim submitted by Iwaskow constitute unreasonable delay and denial of payment of the UIM benefits due Iwaskow.

35.     Safeco's pattern of conduct of refusal to pay UIM coverage benefits to which Iwaskow is entitled by contract and unreasonable delay in paying those benefits has continued to the date of filing this Complaint and is expected to continue until and unless judgment enters against Safeco herein.

36.     C.R.S. §10-3-1116 provides that, in the event of unreasonable delay or denial of benefits, such as the UIM benefits here at issue, a claimant for such benefits shall be entitled to recover reasonable attorneys' fees, court costs, and "two times the covered benefit."

37.     In this case, the UIM coverage limits of $500,000.00 set forth in the subject policy of insurance issued by Safeco constitutes that "covered benefit."

Wherefore, Iwaskow requests relief as detailed in the Prayer for Relief, below.

## **PRAYER FOR RELIEF**

Iwaskow prays for judgment against Defendant Safeco, as follows:

(a) Declaratory judgment pursuant to C.R.C.P. 57 that Safeco is obligated to pay Iwaskow $500,000.00 in UIM coverage benefits;

(b) Damages for breach of contract of up to $500,000.00 in UIM coverage benefits due under the subject policy of insurance issued by Safeco as compensation for Iwaskow's injuries, damages, and losses incurred in the motor vehicle collision of December 4, 2015;

(c) Alternatively, Iwaskow is entitled to specific performance of Safeco's obligation to pay Iwaskow $500,000.00 in UIM benefits;

(d) $1,000,000 as the amount constituting two times the covered benefit as provided by C.R.S. §10-3-1116;

(e) Reasonable attorneys' fees incurred in connection with Safeco's failure and refusal to timely pay UIM benefits due without unreasonable delay including, but not limited to, the initiation and prosecution of this action, as also provided by C.R.S. §10-3-1116; and

(f) Costs, expert witness fees, interest as provided by law, and such other and further relief as the Court deems appropriate.

**PLAINTIFF MATTHEW IWASKOW REQUESTS A TRIAL TO A JURY OF SIX.**

Dated this 18th day of November, 2020.

Respectfully submitted,

LAW OFFICES OF RANDALL M. WEINER, P.C.

*Original Signature on file at*
*Law Offices of Randall M. Weiner, P.C.*

By: */s/ Randall M. Weiner*
Randall M. Weiner, #23871

Plaintiff's Address is:

Matthew Iwaskow
4068 Centennial Drive
Broomfield, CO 80023

*In accordance with C.R.C.P. 121 §1-26(9), a printed copy of this document with original signature(s) is maintained by Law Offices of Randall M. Weiner, P.C., and will be made available for inspection by other parties or the Court upon request.*

7