IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 21-cv-00005-PAB-SBP

MATTHEW IWASKOW,

    Plaintiff,

v.

SAFECO INSURANCE COMPANY OF AMERICA,

    Defendant.
_____

# ORDER
_____

    This matter is before the Court on Plaintiff's Motion to Permit (1) Late Disclosure of Plaintiff's Treatment Notes, (2) Late Disclosure of Treating Surgeons, and (3) Testimony by Treating Surgeons or Plaintiff's Existing Experts Regarding Plaintiff's Pending Back Surgery; Request of Expedited Consideration [Docket No. 86].  Plaintiff filed his motion on December 20, 2023.  *Id.*  Defendant filed a response on December 28, 2023.  Docket No. 89.

## I.    BACKGROUND

    Plaintiff Matthew Iwaskow was involved in a car accident on December 4, 2015. Docket No. 86 at 1.  Mr. Iwaskow filed suit against his insurance company, defendant Safeco Insurance Company of America ("Safeco"), in state court, which lawsuit Safeco removed to federal court on January 4, 2021.  Docket No. 1 at 1.  Mr. Iwaskow seeks insurance proceeds that he alleges he is entitled to under his policy's underinsured motorist bodily injury coverage.  Docket No. 86 at 1.  On November 14, 2022, a final

pretrial order was entered in this case, which incorporated the parties' preliminary witness and exhibit lists and notes that discovery is closed. Docket No. 67 at 7–8. Trial in this case is set for February 12, 2024, with a trial preparation conference set for January 26, 2024. Docket No. 76.

On December 14, 2023, Mr. Iwaskow served a tenth supplemental disclosure on defendant, which includes medical records indicating that Mr. Iwaskow intends to undergo spinal surgery to treat the back pain he attributes to the car accident. Docket No. 89 at 3. Magistrate Judge Susan Prose held a conference with the parties on the admissibility of these medical records and on Mr. Iwaskow's intention to expand the testimony of his previously designated expert witness, Dr. Jeffery Petersohn, to testify about Mr. Iwaskow's impending back surgery and to call new expert witnesses. Docket No. 84 at 1. Judge Prose determined that the matter was more appropriately handled by filing a motion with the assigned Article III judge. *Id.* Through his motion, Mr. Iwaskow seeks "permission" from the Court to allow the late disclosure of these medical records and to allow either Mr. Iwaskow's treating physician or his retained expert to opine on the significance of this new evidence. Docket No. 86 at 2–8. Thus, five weeks before the February 12 trial in this case, Mr. Iwaskow seeks (a) to introduce at trial two sets of medical records from six medical experts[1] who diagnosed his back and

---

[1] Mr. Iwaskow states that he "obtained consultations with surgeons at Panorama Orthopedics & Spine Center ("Panorama"), and underwent MRIs and X-rays in coordination with these visits," and that he met with "three surgeons at Panorama: Amit Agarwala, M.D., Justin Ledesma, M.D., and Mark Robinson, M.D." Docket No. 86 at 3. In addition to these three doctors, Mr. Iwaskow identifies Cole Nielsen, PA-C, as an individual "likely to have knowledge" of his treatment at Panorama Orthopedics & Spine Center, as well as Dr. Austin Starnes, MD, and Dr. Matthew Cushing, MD, as individuals who assisted in his diagnostic imaging. Docket No. 86-5 at 1–2. Mr. Iwaskow's motion does not address whether he intends to call all or any of these "non-retained, treating doctors" at trial. Instead, Mr. Iwaskow asks the Court to "allow evidence concerning

apparently determined the appropriateness of surgery and (b) call a new medical expert and expand the scope of testimony of his previously-designated expert to provide opinions related to this scheduled surgery.

Mr. Iwaskow states that he "does not want a continuance of the trial." *Id.* at 5. Mr. Iwaskow explains that trial in this case "was already subject to a lengthy continuance and Plaintiff needs to submit untimely disclosures because his medical treatment cannot cease or pause with every continuance.  Plaintiff fears the parties would be placed in a similar situation if the case is continued and he continues to seek treatment (such as surgery, follow-up care, and rehabilitation) before another trail [sic] date." *Id.*

## II.     LEGAL STANDARD

Mr. Iwaskow does not identify under which Rule of Federal Civil Procedure he asks the Court to grant his relief.  He does, however, reference his obligation to provide continuing disclosures under Rule 26(c) and suggests that the Court has discretion to order an enlarged "time for an act" "upon a showing of good cause" pursuant to Rule 6. *Id.* at 2, 6.  In its response, Safeco argues that Mr. Iwaskow's newly disclosed medical records and proposed expert testimony should be excluded as a sanction under Rule 37(c) for an alleged violation of Rule 26(a).  Docket No. 89 at 5.  The Court finds neither parties' legal standard applicable to Mr. Iwaskow's motion.

Rule 26(a)(1)(A)(ii) of the Federal Rules of Civil Procedure requires a party to disclose "a copy – or a description by category and location – of all documents,

---

Plaintiff's workup for and future discectomy surgery, including medical record and expert disclosure of the non-retained, treating doctors, to be disclosed at this time." Docket No. 86 at 8.

3

electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment." Fed. R. Civ. P. 26(a)(1)(A)(ii).  In addition, Rule 26(a)(3)(A)(iii) requires "an identification of each document or other exhibit, including summaries of other evidence – separately identifying those items the party expects to offer and those it may offer if the need arises."  Fed. R. Civ. P. 26(a)(3)(A)(iii).  Rule 26(e)(1)(A) allows parties to supplement prior disclosures, "in a timely manner," if the prior response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the course of discovery.  Fed. R. Civ. P. 26(e)(1)(A).

Rule 37(c) of the Federal Rules of Civil Procedure provides that if a party fails to provide information as required by Rule 26, the party is not allowed to use that information unless the failure was substantially justified or is harmless.  Fed. R. Civ. P. 37(c)(1).  In considering whether a sanction is appropriate, the court considers whether: (i) the prejudice or surprise to the party entitled to receive the disclosures; (ii) the ability of that party to cure such prejudice; (iii) the extent to which allowing the undisclosed evidence would disrupt the trial; and (iv) the disclosing party's bad faith or willfulness. *See Woodworker's Supply, Inc. v. Principal Mut. Life Ins. Co.*, 170 F.3d 985, 993 (10th Cir. 1999).

Rule 37 is inapplicable to this dispute.  Mr. Iwaskow has not failed to make a disclosure; rather, Mr. Iwaskow's tenth supplemental disclosure was made pursuant to his obligation to provide continuing disclosures under Rule 26(e).  Mr. Iwaskow's problem is that, although Rule 26(a) and (e) contemplate disclosures made up to thirty days before trial, *see* Fed. R. Civ. P 26(a)(3)(B), Mr. Iwaskow is also subject to the

4

deadlines in the Court's scheduling orders.  See *Birch v. Polaris Indus., Inc.*, 812 F.3d 1238, 1247 (10th Cir. 2015); Docket No. 19.  The most significant of these orders is the Court's final pretrial order, whose purposes include "simplifying the issues, determining needed amendments to pleadings, and obtaining admissions which will avoid proof requirements at trial; i.e. to establish the ground rules for the trial itself."  *Seneca Nursing Home v. Sec'y of Soc. & Rehab. Servs. of Kansas*, 604 F.2d 1309, 1314 (10th Cir. 1979).  The final pretrial order not only limits the issues to be tried but also the evidence to be introduced at trial.  *United States v. Rayco, Inc.*, 616 F.2d 462, 464 (10th Cir. 1980).  Here, the final pretrial order states that "[d]iscovery has been completed." Docket No. 67 at 8.  Thus, regardless of the discovery rules implicated, for Mr. Iwaskow to introduce at trial the evidence at issue, he would have to seek modification of the final pretrial order.  See *Dedmon v. Cont'l Airlines, Inc.*, No. 13-cv-0005-WJM-NYW, 2015 WL 4639737, at *4 (D. Colo. Aug. 5, 2015).  A final pretrial order may be amended "only to prevent manifest injustice."  *Monfore v. Phillips*, 778 F.3d 849, 851 (10th Cir. 2015) (citation omitted).  The final pretrial order in this case states that it "will control the subsequent course of this action and the trial, and may not be amended except by consent of the parties and approval by the court or by order of the court to prevent manifest injustice."  Docket No. 67 at 9.  The burden of establishing such manifest injustice falls squarely on the moving party.  *Smith v. Ford Motor Co.*, 626 F.2d 784, 798 (10th Cir. 1980).

The Tenth Circuit "applies a four factor analysis in determining whether to allow the amendment of a pretrial order: (1) the prejudice or surprise in fact to the party against whom the proposed [evidence would be offered]; (2) the ability of that party to cure such prejudice; (3) the extent to which allowing the addition of [the evidence] would

5

disrupt the orderly and efficient trial of the case or of other cases in court; and (4) bad faith or willfulness by the moving party to comply with the court's pretrial order." *Canales v. Principi*, 220 F.R.D. 627, 628 (D. Colo. 2004) (citing *Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1222 (10th Cir.2000); *Ford Motor Co.,* 626 F.2d at 797)).

### III.   ANALYSIS

The Court will construe Mr. Iwaskow's motion as a motion to modify the final pretrial order to permit him to introduce evidence of the need for and the pendency of surgery to address injuries he attributes to the car accident that underlies his insurance claim.  Although Mr. Iwaskow has the burden to show that Safeco is not prejudiced by his proposed amendment to the final pretrial order, Mr. Iwaskow's only argument is the conclusory statement that "Defendant is not prejudiced by allowing records demonstrating Plaintiff's future surgery to be admitted and addressed by the Panorama Experts or other existing experts in this case."  Docket No. 86 at 5.  Safeco insists that it would be prejudiced by Mr. Iwaskow's proposed amendment to the final pretrial order. Docket No. 89 at 8.  Safeco asserts that it would be "patently unfair to expect Safeco to prepare cross-examination for six individuals newly disclosed without any idea of what their testimony will be."  *Id.* (emphasis omitted).  Safeco also argues that Mr. Iwaskow's recently produced medical records possibly raise new issues regarding his damages claim, which Safeco has not been able to explore through discovery.  *Id.*  As Safeco notes, with the trial set for February 12, 2024, there is little time for Safeco to take additional depositions of the new expert witnesses and to re-depose Dr. Petersohn.  As such, the Court finds that granting Mr. Iwaskow's motion to amend the pretrial order would significantly prejudice Safeco and that the prejudice factor weighs against granting Mr. Iwaskow's motion.  *Ford Motor Co.,* 626 F.2d at 798.

The Court also finds Safeco has little ability to cure the prejudice. With less than five weeks before the start of the trial, there is an insufficient amount of time for Mr. Iwaskow to produce expert reports and for Safeco to take the experts' depositions, while at the same time not prejudicing Safeco's ability to otherwise prepare for trial. As such, granting Mr. Iwaskow's motion would require a continuance of the trial. However, Mr. Iwaskow expressly states that he "does not want a continuance of the trial." Docket No. 89 at 5. Therefore, the Court understands Mr. Iwaskow's position to be that he does not want the Court to grant his motion if it would lead to a continuance of the trial. The Court finds that Mr. Iwaskow cannot demonstrate that Safeco can cure the prejudice that would be caused by amending the final pretrial order with a February 12, 2024 trial date. As such, this factor weighs heavily against granting Mr. Iwaskow's motion.

Granting Mr. Iwaskow's motion would also disrupt the orderly and efficient trial of this case. Permitting Dr. Petersohn to opine on the implications of Mr. Iwaskow's new medical evidence would likely lead to numerous evidentiary disputes, perhaps implicating Federal Rule of Evidence 702, for which there is insufficient time between now and the trial to resolve. This is in addition to the evidentiary disputes likely to arise from the possible introduction of records from new expert witnesses. The Court finds that the addition of this untimely evidence is likely to significantly disrupt the trial and weighs against granting Mr. Iwaskow's motion.

Finally, the Court finds that there is insufficient evidence to suggest that Mr. Iwaskow has acted in bad faith by seeking to amend the final pretrial order to incorporate new medical evidence. Discovery in this case ended a year and a half ago, but, as Mr. Iwaskow points out, his medical treatment has continued. *Id.* The Court finds credible his assertions that, "after thoughtful consideration of whether to undergo

the risk of a major back fusion surgery, [Mr. Iwaskow] consulted with the Panorama Experts and obtained and agreed with a recommendation to undergo a discectomy, disk replacement surgery" and that his decision was "due to the progressive nature of his injuries." *Id.* at 4–5.  Although the timing of the surgery is disruptive to the trial, Safeco has not cited any evidence to suggest that the filing of this motion was made in bad faith.  As such, this factor weighs in favor of granting Mr. Iwaskow's motion.

Taken together, the Court finds that the *Koch* factors weigh against Mr. Iwaskow and that the denial of his motion will not lead to manifest injustice.  *Koch*, 203 F.3d at 1222.  As such, the Court will deny his motion.

## IV.     CONCLUSION

It is therefore

**ORDERED** that Plaintiff's Motion to Permit (1) Late Disclosure of Plaintiff's Treatment Notes, (2) Late Disclosure of Treating Surgeons, and (3) Testimony by Treating Surgeons or Plaintiff's Existing Experts Regarding Plaintiff's Pending Back Surgery; Request of Expedited Consideration [Docket No. 86] is **DENIED**.

DATED January 10, 2024.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge